UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------X

RITA ALVARADO,

                 Plaintiff,                        18 CV 2027 (SJ) (RML)

                 v.

                                        <u>MEMORANDUM &</u>
                                          <u>ORDER</u>

NEW ENGLAND MOTOR FREIGHT, INC.
and JAVIER CORREAFRANCE,

                 Defendants.

--------------------------------------------------X

A P P E A R A N C E S

THE ROSATO FIRM, PC
55 Broadway, 23rd Floor
New York, NY 10006
By:    Paul A. Marber
*Attorneys for Plaintiff*

TODD C. RUBENSTEIN
159 Eads Street
West Babylon, NY 11704
By:    Todd C. Rubenstein
*Attorneys for Defendants*

JOHNSON, Senior District Judge:

Plaintiff Rita Alvarado seeks an order remanding this action to the Supreme Court of the State of New York, Kings County. Defendants New England Motor Freight, Inc. and Javier Correafrance (collectively, "Defendants") oppose and argue that remand is improper. After reviewing the parties' submissions, the motion to remand is DENIED.

## BACKGROUND

On January 19, 2018, Plaintiff, a citizen of New York, commenced a civil action in New York State Supreme Court, Kings County, alleging Defendants' liability for personal injuries resulting from a November 1, 2017 vehicle collision in Brooklyn, New York. (See Dkt. No. 1 Ex. 2.) Plaintiff, a security officer working in a booth hit by Defendants' vehicle, alleges injuries and seeks damages from Defendants, citizens of New Jersey. (Id.)

On April 5, 2018, Defendants filed a Notice of Removal, removing this action to federal court. (See Dkt. 1.) In their Notice, Defendants argue that this Court has diversity jurisdiction under 28 U.S.C. § 1332 and that the action may be removed to this Court pursuant to 28 U.S.C. § 1441. (Id.) Plaintiff filed the instant motion, seeking to remand this case back to state court on May 15, 2018. (See Dkt. No. 13.)

In support of remand, Plaintiff argues untimely removal and lack of diversity of the parties.  Defendants argue that the requirements for the exercise of this Court's subject matter jurisdiction are satisfied.

**DISCUSSION**

**A.  Legal Standards**

When a defendant removes a case to federal court, the plaintiff may move for remand if "it appears that the district court lacks subject matter jurisdiction."  See 28 U.S.C. § 1447(c); Grupo Dataflux v. Atlas Glob. Grp., L.P., 541 U.S. 567, 571 (2004).  A party seeking to remove an action from state to federal court bears the burden of proving federal jurisdiction.  See Linardos v. Fortuna, 157 F.3d 945, 947 (2d Cir. 1998) ("It is also hornbook law that the party invoking federal jurisdiction bears the burden of proving facts to establish that jurisdiction."); Pan Atl. Grp., Inc. v. Republic Ins. Co., 878 F. Supp. 630, 638 (S.D.N.Y. 1995) (removal jurisdiction). On review of a motion to remand, "the court construes all factual allegations in favor of the party seeking the remand."  O'Brien & Gere Ltd. v. Bus. Software All., 2008 WL 268430 (N.D.N.Y. Jan. 30, 2008).  If there is doubt as to whether federal jurisdiction exists, remand is appropriate.  See Pan Atl. Grp., Inc., 878 F. Supp. at 638.

Removal jurisdiction has two requirements.  First, there must be a basis for the exercise of the district court's original jurisdiction.  See 28 U.S.C. § 1441(a). District courts have original subject matter jurisdiction over those cases, inter alia,

2

"arising under the Constitution, laws, or treaties of the United States" (id. § 1331), and over those cases involving citizens of different states when the amount in controversy exceeds $75,000 (id. § 1332).

Second, the removal must be prompt. Although a defendant typically has thirty days from service of the complaint or other relevant pleading to file a notice of removal (see 28 U.S.C. § 1446(b)), in diversity cases, cases must be removed within one year of the commencement of the action. See id. § 1446(c)(1). As to both requirements, "[r]emoval jurisdiction must be strictly construed, both because the federal courts are courts of limited jurisdiction and because removal of a case implicates significant federalism concerns." Miller v. First Sec. Invs., Inc., 30 F. Supp. 2d 347, 350 (E.D.N.Y. 1998) (quotation marks and internal citation omitted).

Plaintiff argues that Defendants' removal was untimely and that the notice of removal failed to show complete diversity of the parties. Plaintiff contends that the first paper from which removability could be ascertained was Plaintiff's bill of particulars, served on Defendants on February 16, 2018, which contains allegations referencing special damages in an amount not less than $44,140.00, and an unspecified amount of damages for pain and suffering. If Plaintiff's bill of particulars is a "motion, order or other paper from which it [might] first [have been] ascertained that the case is one which is or has become removable," then removal was untimely. See 28 U.S.C. § 1446(b)(3). Defendants contend that the first paper from which removability could be ascertained was Plaintiff's statement of damages,

served on Defendants on or about March 9, 2018. If Plaintiff's statement of damages is the "motion, order or other paper from which it [might] first be ascertained that the case is one which is or has become removable," then removal was timely. <u>See</u> 28 U.S.C. § 1446(b)(3). The issue, therefore, is whether the case was removable on February 16, 2018.

## B. Analysis

"A case is removable when the initial pleading enables the defendant to intelligently ascertain removability from the face of such pleading, so that in its petition for removal [, the] defendant can make a short and plain statement of the grounds for removal as required [by] 28 U.S.C. § 1446(a)." <u>Whitaker v. Am. Telecasting, Inc.</u>, 261 F.3d 196, 205–06 (2d Cir. 2001) (citation and quotation omitted) (alteration in original). When the complaint does not show removability, the subsequent paper from which removability can be ascertained is subject to the same standard. <u>Id.</u> at 205–06.

In determining whether the thirty-day removal clock has begun to run, courts in this circuit have declined to impose on defendants an affirmative duty to investigate the possible federal features of a poorly drafted pleading. <u>See</u> <u>Soto v. Apple Towing</u>, 111 F. Supp. 2d 222, 224–26 (E.D.N.Y. 2000). But defendants may not willfully ignore grounds for removal that can be "intelligently ascertain[ed]." <u>Id.</u> at 226. "'[A]scertained' as used in section 1446(b) means a statement that should not be ambiguous or one which requires an extensive investigation to determine the

truth." Id. (quotation marks and internal citation omitted). Further, "the facts warranting removability" must be "explicit," and "the elements of removability must be specifically indicated in official papers." Id. at 225 (quoting Riggs v. Cont'l Baking Co., 678 F. Supp. 236, 238 (N.D. Cal. 1988). Put another way, a "defendant need not guess as to whether the Plaintiff's claim reaches the $75,000 threshold for . . . diversity jurisdiction purposes, and may wait to file a notice of removal until the Plaintiff provides specific information about the amount in controversy." Moltner v. Starbucks Coffee Co., 2009 WL 510879, at *1 (S.D.N.Y. June 18, 2007).

The basis asserted for the Court's subject-matter jurisdiction over the instant action is diversity of citizenship. In order to have jurisdiction on this basis, there must be a showing of complete diversity of citizenship between the parties and an amount in controversy that exceeds $75,000. As the complaint does not specify damages, the Court applies Whitaker analysis to the bill of particulars and statement of damages.

### 1. Plaintiff's Bill of Particulars

In the bill of particulars, Plaintiff specifies damages that are less than the jurisdictional threshold, but argues that its unspecified request for compensatory damages related to pain and suffering put Defendants on notice that the amount of Plaintiff's claim exceeds $75,000. But Plaintiff's position that Defendants could have utilized a "reasonable amount of intelligence" to ascertain that its claim for pain and suffering exceeds the jurisdictional threshold asks this Court to impose upon

Defendants a duty to speculate as to the amount of those unspecified damages. This heightened standard would require Defendants to risk remand by removing an action where the amount in controversy has not been clearly established. As Defendants are not authorized to prematurely remove an action, such a result would effectively allow Plaintiff to have it both ways.

The cases cited by Plaintiff do not support a different conclusion. <u>See</u> <u>Mitilinios v. Costco Wholesale Corp.</u>, 2018 WL 941715, at *2–3 (E.D.N.Y. Jan. 31, 2018) (finding that the removal clock started when defendant received the bill of particulars that specified damages of $75,000 in physician's expenses and $50,000 in hospital expenses); <u>Persad v. Glob. Cos. LLC</u>, 2013 WL 4507076, at *3–4 (E.D.N.Y. Aug. 22, 2013) (finding the bill of particulars as the operative document for the removal clock where it alleged specific damages of over $1,000,000). Accordingly, the Court finds that the action was not removable based on Plaintiff's bill of particulars.

### 2. Plaintiff's Statement of Damages

Plaintiff's statement of damages alleges damages of $1,000,000. Plaintiff served its statement of damages on Defendant on or about March 9, 2018. The Court finds that the statement of damages is the first paper from which removability could be ascertained, as it claimed an amount in controversy above the jurisdictional threshold. Defendant's removal on April 5, 2018 was therefore timely.

### 3. Diversity of Citizenship

Plaintiff further argues that Defendants have not demonstrated complete diversity of citizenship in its removal action. Plaintiff does not dispute that Defendant New England Motor Freight, Inc. is a citizen of New Jersey; rather, she argues that Defendant Correafrance has not shown he is a citizen of New Jersey. Defendants' notice of removal attests that Correafrance is a citizen of Passaic County, New Jersey. Correafrance appended a declaration attesting, under penalty of perjury, that he is a citizen of New Jersey. Accordingly, the Court finds that Defendants have properly alleged both requirements of diversity jurisdiction in their application for removal.[1]

---

[1]Additionally, Defendants' opposition to Plaintiff's motion to remand states that Correafrance has been a citizen of New Jersey for the past seven years, and was a citizen at the time of the events that gave rise to this action. (See Dkt. No. 13-9 (Defs.' Opp'n at 8).) Further, the exhibits appended to Plaintiff's motion to remand show Correafrance's address as being in Passaic, New Jersey on the date of the incident that gave rise to this action. (See Dkt. No. 13-3.) Contrary to Plaintiff's suggestion that utilizing this information is improper to determine whether there is complete diversity among the parties, considering this information is "more analogous to a clarification or amplification of an ill-pleaded allegation than it is to the assertion of an entirely new ground for removal." Ortiz v. JCPenney, 2016 WL 6694249, at *5 (W.D.N.Y. Nov. 15, 2016) (quoting CBS Inc. v. Snyder, 762 F. Supp. 71, 74 (S.D.N.Y. 1991); see also 28 U.S.C. § 1653 ("Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts."). Because subject-matter jurisdiction never can be stipulated or waived, Plaintiff retains the right to revisit Correafrance's citizenship if discovery uncovers contrary information at a later date.

## <u>CONCLUSION</u>

For the foregoing reasons, Plaintiff's motion to remand is DENIED. Any of the parties' remaining claims have been considered and are without merit.

SO ORDERED.

Dated: August 24, 2018               _____/s/_____
      Brooklyn, New York           Sterling Johnson, Jr., U.S.D.J.